SÁNCHEZ, PETITIONER AND APPELLANT, v. CALDERÓN, CONTESTANT AND RESPONDENT.

APPEAL from the District Court of Guayama.

No. 1002.—Decided November 21, 1913.

ADMINISTRATION OF PROPERTY OF DECEASED PERSON—REQUISITES OF PETITION FOR ADMINISTRATION—DEFECTIVE JURAT.—In accordance with sections 23 and 24 of the Act relating to Special Legal Proceedings of March 6, 1905, a judicial administration of the property of a decedent cannot be ordered at the instance of a natural sister when there is no proof of such relationship and it is not alleged in the petition that according to the information and belief of the petitioner the decedent left no valid will and the origin and ground of such information and belief is not stated and the jurat to the petition fails to conform to the provisions of section 118 of the Code of Civil Procedure.

ID.—DECREE OF COURT ON ITS OWN MOTION—KNOWLEDGE OF FACTS JUSTIFYING DECREE.—In accordance with sections 21 and 22 of the Act of March 6, 1905, relating to Special Legal Proceedings, district courts are required to safeguard the estate of deceased persons leaving no known heirs and they may decree, on their own motion, the temporary administration of such property to prevent its disappearance, it being immaterial to the case whether the knowledge of said facts was acquired by the court from the person who lived with the decedent or from another person who claims to be a natural sister and filed a motion praying for the judicial administration of the estate of her deceased sister.

ID.—BOND OF ADMINISTRATOR—NOTICE TO FISCAL OF ADMINISTRATION.—When a court decrees the temporary administration of the property of a deceased person on its own motion it should require said administrator to give a bond, and the district fiscal should have notice of the proceedings in case The People of Porto Rico should have a right to the property.

The facts are stated in the opinion.

Mr. C. Domínguez Rubio for appellant.

Mr. F. Cervoni Gely for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a sworn petition of February 21, 1913, signed by Jacinta Sánchez under the direction of an attorney, she prayed the District Court of Guayama to appoint Ramón Lebrón, Municipal Judge of Patillas, as temporary administrator, without bond, of the property of her deceased natural sister,

Juana Sánchez, with instructions to proceed immediately to take an inventory of the property of the deceased. She alleged in the petition that the said Juana Sánchez died intestate in the town of Patillas on June 25, 1912, leaving no ancestors, legitimate or natural descendants, or acknowledged natural children, the petitioner being her only heir, whose designation as such would be made in due course; that Juana Sánchez had lived in concubinage with Juan Calderón, who, to the great prejudice of the interests of the only lawful heir, had squandered all the money left by the deceased, amounting to more than $100, and was in possession of all the property left by her, consisting of a wooden house, cattle, hogs, fowls, furniture, etc., valued at over $500, which he refused to deliver to the petitioner.

The jurat to the said petition reads as follows:

"The foregoing petition is subscribed and sworn to on this date *ut supra* (February 21, 1913) by the petitioner who says that she is of age, a resident of this city (Guayama) and engaged in domestic pursuits. E. S. Mestre, Secretary of the Court."

By an order of the same date, February 21, 1913, the court appointed Ramón Lebrón, Municipal Judge of Patillas, temporary administrator of the property of the intestate Juana Sánchez, directing him to take an inventory thereof, which was done by Lebrón on March 4 following, and ordering that Juan Calderón, the paramour of the deceased, be summoned to appear before the court on March 4 and be heard pending its decision regarding the appointment of a permanent administrator.

On the 8th of the said month of March, Juan Calderón moved the court to set aside the appointment of the judicial administrator and return to him the property taken from him because the affidavit of the petitioner, Jacinta Sánchez, was defective and because the woman Sánchez, as sister of the deceased Juana Sánchez, lacked the legal capacity to petition for a judicial administration of the property of the de-

ceased, according to section 23 of the act relating to Special Legal Proceedings of March 6, 1905.

The aforesaid motion in opposition to the petition having been heard and considered, the court of Guayama by an order of June 13, 1913, set aside the appointment of the judicial administrator of the estate of Juana Sánchez and directed that the property taken from Juan Calderón be returned to him, without special imposition of costs.

The attorney of Jacinta Sánchez appealed from that order to this court and the said appeal is now submitted to us in proper form for consideration and decision.

Sections 21 and 22 of Chapter IV, Title I, of the act relating to Special Legal Proceedings, referred to above, govern the administration of the property of decedents having no known relatives, or, in other words, whenever any person dies testate or intestate, leaving property without leaving a husband or wife with whom said person was living until the time of his death, and without ancestors, descendants or collateral relatives within the fourth degree, said sections providing for a temporary administration which the court may order on its own motion, without any steps being taken by interested parties, to safeguard the estate of the deceased. Sections 23 to 34 of Chapter V of the same title of said act govern the judicial administration of the property of deceased persons when the same is requested by any of the persons designated by said section 23 in the manner specified therein.

According to section 23, the judicial administration of the estate of the deceased Juana Sánchez could not be decreed on the petition filed for that purpose by Jacinta Sánchez in the District Court of Guayama because the petition does not meet the requirements of subdivision 2 of the said section which exacts that in case the decedent died intestate it shall set forth that according to the best information and belief of the petitioner the decedent left no valid will, specifying the sources and grounds for such information and belief. Besides, although the petition in this case is verified, it was

not done in the form prescribed by section 118 of the Code of Civil Procedure as follows: ''In all cases of a verification of a pleading the affidavit of the party must state that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information or belief, and as to those matters, that he believes it to be true.''

Nor is there anything in the record to prove that Jacinta Sánchez is a natural sister of the deceased Juana Sánchez as she alleges, and in the absence of such proof she cannot be considered an interested party for the purpose of subjecting the property of the person whose intestate heir she claims to be to judicial administration.

But although said administration cannot be granted on the petition of Jacinta Sánchez, it may be decreed on the court's own motion by reason of the knowledge acquired by the court of Guayama from the said Jacinta Sánchez to the effect that Juana Sánchez died intestate and that her property was in the possession of Juan Calderón who had no right to inherit it. Perhaps Jacinta Sánchez is the natural sister of Juana Sánchez, but there is nothing in the record to prove that fact from which the capacity of the petitioner is derived, and the court is under the obligation to take the proper action to protect the estate of the decedent in order to prevent its disappearance or deterioration to the injury of the lawful heirs and perhaps of The People of Porto Rico to whom the law grants it in case there are no heirs.

Sections 21 and 22 of the act relating to Special Legal Proceedings are applicable to the case at bar because it relates to a person who died intestate without leaving a lawful spouse who was living with said person at the time of her death and without ancestors or descendants or collateral relatives within the fourth degree who have proven their relationship, and because the said facts have come to the knowledge of the district court, it being immaterial to the case whether the said knowledge was acquired from the person who lived with the decedent or from a person who claims to be her natural sister.

The order made by the District Court of Guayama on February 21 last appointing Ramón Lebrón temporary administrator of the estate of the intestate Juana Sánchez without bond, which order was set aside by another of June 13, is in harmony with the provisions of sections 21 and 22 of the act relating to Special Legal Proceedings, which, we repeat, are applicable to the present case, and Lebrón, whom the judge relieved from giving bond, should furnish sufficient security to answer for the faithful performance of his duties. According to section 22, in addition to the other duties imposed by law upon administrators, he is under obligation to bring proceedings for the purpose of ascertaining who are the heirs of the decedent, and if they fail to appear, to turn over the balance of the estate remaining after the payment of the debts of the decedent and the expenses of the administration to the Treasurer of Porto Rico for the proper disposition thereof. The *fiscal* of the District of Guayama should be notified of said proceedings in order to advise the Attorney General, who will be a party thereto for the determination of the heirs.

In said proceedings Jacinta Sánchez, like any other person, may prove the hereditary right which she believes herself to have in the estate of the deceased Juana Sánchez.

For the foregoing reasons we are of the opinion that the order appealed from of June 13 last should be set aside and the order of February 21 of this year should be sustained except in so far as it relieves the temporary administrator, Ramón Lebrón, from giving any bond. The lower court should proceed in accordance with the principles set forth in this opinion.

> *Order appealed from reversed, former order appointing temporary administrator decreed to remain in force and case returned to lower court for proper final action.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.